UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 01-4756

GEORGE ACKLE HARRIS, III,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-96-9)

Submitted: June 27, 2002

Decided: July 22, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Robert Jack Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

George Harris appeals from his 292-month sentence imposed by the district court following his guilty plea to conspiracy to possess with intent to distribute cocaine, cocaine base, and heroin. 21 U.S.C. § 846 (1994). Finding no reversible error, we affirm.

Harris first contends his sentence violates the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it exceeds the statutory maximum of twenty years under 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2001). Because Harris did not raise this claim at sentencing, this Court's review is for plain error. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). Four conditions must be met before this Court will notice plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 733-37; *United States v. Rolle*, 204 F.3d 133, 138-39 (4th Cir. 2000).

As the Government concedes, because drug quantity was not charged in Harris' indictment and the Government did not seek an enhanced sentence based on his prior felony drug convictions, the district court's imposition of a 292-month sentence, in excess of the statutory maximum sentence of twenty years imprisonment authorized under § 841(b)(1)(C), was error, and the error was plain. *See United States v. Cotton*, ___ U.S. ___, 2002 WL 1008494 (U.S. May 20, 2002) (No. 01-687). However, Harris stipulated that the amount of cocaine base known to or reasonably foreseeable by him was in excess of 1.5 kilograms, and the Government produced overwhelming evidence that Harris sold quantities of crack cocaine well in excess of those required to implicate the enhanced penalty provision of § 841(b)(1)(A). Thus, we find that the error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See id.* Thus, we decline to recognize the error.

Harris next contends that the lowest guideline range applicable to his offense must be applied to his case, because the indictment alleged

neither a drug quantity nor prior convictions. We find this argument to be without merit. *See United States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001); *United States v. Obi*, 239 F.3d 662, 667 (4th Cir.), *cert. denied*, 122 S. Ct. 86 (2001).

Finally, Harris contends his sentence is unconstitutional in that it is grossly disproportionate in comparison with the ten to sixteen month sentence that represents the lowest possible guideline range for a violation of § 841 involving cocaine base. However, no proportionality review is constitutionally required where, as here, the sentence in question is less than life imprisonment without parole. *United States v. LaRouche*, 896 F.2d 815, 831 (4th Cir. 1990); *Harmelin v. Michigan*, 501 U.S. 957, 994-96 (1991).

For the foregoing reasons, we affirm Harris' sentence and conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*